**HOFSTADTER v. RUDERMAN.**

United States District Court,
S. D. New York.
June 29, 1954.

See also D.C., 118 F.Supp. 477.

Henry L. Shenier, New York City, for plaintiff.

Paul Kolisch, New York City, for defendant.

NOONAN, District Judge.

The plaintiff pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. seeks to compel the defendant in this action to answer interrogatories propounded by the plaintiff last January under Rule 33. The defendant filed answers to the interrogatories which the plaintiff deemed insufficient, and thereafter, in May, the plaintiff served additional interrogatories. These answers too are deemed insufficient by the plaintiff who now seeks to have the court strike the answers to interrogatories XXXVI through XLV, and XLVII.

It should be noted that this action, almost from its commencement, has been marked by mutual recriminations and innuendoes of bad faith asserted by both parties.

After the first wrangling over the pleadings themselves were concluded, the next evidence of it came in the defendant's answers to the January interrogatories, especially in defendant's interminable, involved and completely overtechnical, 1,000 word answer to interrogatory VII containing completely irrelevant matter designed more to produce heat than to shed light. The sarcastic concluding paragraph to that interrogatory is obviously intended to annoy.

It is strongly urged on the defendant that answers should be brief where possible. Too frequently, his answers are concealed in a mass of excess verbiage; in fact, to borrow a word from the offender, many of his answers are fuliginous.

In the May interrogatories, defendant, characterizing them as the answers to the "second installment" of plaintiff's interrogatories, did very little to clarify his earlier answers.

In his moving papers, herein, the plaintiff asserts that certain of the defendant's answers are evasive, unresponsive, and/or non-responsive; this court is in hearty concurrence.

In his defense of his actions, the defendant asserts that he is being sued in bad faith, harassed, etc. This court presumes that suits are commenced in good faith, and that presumption continues until the contrary is proven. Bad faith has not been proven, nor is this motion the proper place to allege it.

In the defendant's memorandum opposing this motion, the defendant has included supplemental answers somewhat clarifying his earlier ones. In view of

**160**

this, the court considers that he has thereby sufficiently answered interrogatories XXXVI, XXXVII, XXXVIII and XL.

 In view of defendant's claim that the answers to interrogatories XLIV, XLV, and XLVII would force him to reveal classified information, this court will not require him to answer those interrogatories any further.

As to interrogatories XLI and XLII, the court rules, that, if he cannot ascertain the requested information by three hours of research, he need only state that fact as an answer. It should be noted that answering most interrogatories requires some degree of research even if they only involve financial questions. The defendant's answer to interrogatory VII must have taken considerable research.

The court considers that the answer to interrogatory XLIII is that the crystals manufactured or grown are especially suitable for the purposes referred to. "Especially" is taken to mean "inherently".

This leaves only interrogatory XXXIX to dispose of. It is the opinion of this court that Rule 33 does not require the production of the sample requested. The purpose of the rule is to get information from the adversary, not material things.

In conclusion the court wishes to point out to the defendant that he may plead harassment as a defense to answering interrogatories if he is fully prepared to show it, and if he does so within the time prescribed by the rules. Otherwise, he must answer and in answering he should attempt to enlighten not becloud. If that had been done in this case, instead of the obvious verbal fencing, the parties would not have to take up so much of their own time as well as that of the court. On the day this motion came on to be heard, there were eighty-eight other motions to be heard.

Many of the interrogatories were answered in such a way that this motion became a necessity. If they had been answered properly at the time, only interrogatory XXXIX need have been involved.

Settle order in accordance herewith.